MORGAN, LEWIS & BOCKIUS LLP
Max Fischer, Bar No. 226003
Brian D. Fahy, Bar No. 266750
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501
max.fischer@morganlewis.com
brian.fahy@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Brian D. Berry, Bar No. 229893
Miranda M. Rowley, Bar No. 328173
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001
brian.berry@morganlewis.com
miranda.rowley@morganlewis.com

Attorneys for Defendant
AMAZON.COM, INC. and
AMAZON LOGISTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSON MARCELO, PETR BOGOPOLSKIY, JASON SALES, ASHLEY ELLIS, DAVID SIMARD, THIEN LUONG, RHONDA FELIX, STEPHANIE FRIEDMAN, WORKINEH WOLIE, ABDUL REHMAN, DAVID SAMRA, MOHAMMED SHAIK, SALEH ALBADWI, TANESHA CALDWELL, STARR CAMPBELL, and SERGIO GARNICA, <br><br>Plaintiffs, <br><br>v. <br><br>AMAZON.COM, INC., and AMAZON LOGISTICS, INC., <br><br>Defendants. | Case No. 3:21-CV-07843-JD <br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING THE SUPREME COURT'S DECISION IN *SOUTHWEST AIRLINES CO. v. SAXON*; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br>*[Proposed Order filed concurrently herewith]* <br><br>Hearing Date: February 24, 2022 <br>Time:         10 a.m. <br>Courtroom: 11, 19th Floor <br><br>Honorable James Donato |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 24, 2022, at 10:00 a.m. (or as soon thereafter as the matter may be heard in Courtroom 11, 19th Floor, of the above-entitled Court), Defendants Amazon.com, Inc., and Amazon Logistics, Inc. (collectively "Defendants"), by and through their counsel, will and hereby do move the Court to stay this action pending the United States Supreme Court's forthcoming decision in *Sw. Airlines Co. v. Saxon*, No. 21-309, 2021 WL 5858631 (U.S. Dec. 10, 2021) ("*Saxon*").

Amazon's concurrently filed motion to compel arbitration notes that all the Plaintiffs agreed to individual arbitration when they signed up to make deliveries with the Amazon Flex program and assented to the Amazon Flex Independent Contractor Terms of Service, so their claims must be resolved in arbitration. However, Plaintiffs are likely to argue that their arbitration agreements, even though they unquestionably apply to their claims, are not legally enforceable based on the transportation worker exemption under the Federal Arbitration Act ("FAA"). In *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021); *Waithaka v. Amazon.com, Inc.*, 966 F.3d 10 (1st Cir. 2020), *cert. denied*, 141 S. Ct. 2794 (2021), *reh'g denied*, 141 S. Ct. 2886 (2021), the Ninth Circuit and First Circuit held that certain arbitration agreements signed by other Amazon Flex delivery drivers were not enforceable under the FAA. Under Amazon's interpretation of the FAA exemption, however, which was endorsed by the dissenting judge in *Rittmann* and more recently by the Eleventh Circuit in *Hamrick v. Partsfleet, LLC*, 1 F.4th 1337 (11th Cir. 2021), Plaintiffs' arbitration agreements are enforceable under the FAA. In *Saxon*, the Supreme Court will address the circuits' ever-increasing divergence over the scope of the FAA exemption and conclusively resolve the correct interpretation of that exemption. Given the centrality of the transportation worker exemption issue to this case, in light of the Supreme Court's forthcoming opinion, expected June 2022 at the latest, a brief stay of this recently filed action is appropriate so that the Court can address Amazon's motion to compel arbitration with the benefit of the Supreme Court's opinion.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

AMAZON DEFENDANTS'
MOTION TO STAY PENDING *SAXON*

This motion will be based upon this Notice of Motion, the Memorandum of Points and Authorities in support thereof, and on such evidence and argument as may be presented at the time of the hearing on the motion.

Dated: December 23, 2021

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Brian D. Berry*
Max Fischer
Brian D. Berry
Brian D. Fahy
Miranda M. Rowley

Attorneys for Defendants
AMAZON.COM INC and
AMAZON LOGISTICS, INC.

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................2

III. ARGUMENT .........................................................................................................................4

    A.  The Supreme Court's Ruling May Dictate the Outcome of Amazon's Motion to Compel Arbitration. ................................................................................................ 5

    B.  Denying a Stay Would Impose Unnecessary Harm. ................................................ 8

    C.  A Stay Will Not Harm Plaintiffs. ............................................................................. 9

IV. CONCLUSION ....................................................................................................................10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

AMAZON DEFENDANTS'
MOTION TO STAY PENDING *SAXON*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aleisa v. Square, Inc.*,
   493 F. Supp. 3d 806 (N.D. Cal. 2020) ................................................................................. 10

*In re Apple iPhone 3G Prod. Liab. Litig.*,
   No. 09-cv-2045, 2010 WL 9517400 (N.D. Cal. Dec. 9, 2010) ........................................... 5, 9

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011) .............................................................................................................. 9

*Bascom Rsch. LLC v. Facebook, Inc.*,
   No. 12-cv-6293, 2014 WL 12795380 (N.D. Cal. Jan. 13, 2014) ........................................... 5

*Centeno v. Inslee*,
   310 F.R.D. 483 (W.D. Wash. 2015) ................................................................................. 5, 10

*Clinton v. Jones*,
   520 U.S. 681 (1997) .............................................................................................................. 4

*Cook v. Rent-A-Ctr., Inc.*,
   No. 17-cv-48, 2017 WL 4270203 (E.D. Cal. Sept. 26, 2017) ............................................... 8

*Davis v. Red Eye Jack's Sports Bar, Inc.*,
   No. 17-cv-1111, 2018 WL 2128437 (S.D. Cal. May 9, 2018) .............................................. 8

*Eastus v. ISS Facility Servs., Inc.*,
   960 F.3d 207 (5th Cir. 2020) ................................................................................................. 7

*Eberle v. Smith*,
   No. 07-cv-120, 2008 WL 238450 (S.D. Cal. Jan. 29, 2008) ................................................. 9

*Frantz v. Force Factor, LLC*,
   No. 20-cv-1012, 2020 WL 8666386 (S.D. Cal. Nov. 16, 2020) ........................................... 5

*Hamrick v. Partsfleet, LLC*,
   1 F.4th 1337 (11th Cir. 2021) ....................................................................................... 2, 4, 6

*Hoffman v. Jelly Belly Candy Co., Inc.*,
   No. 19-cv-1935, 2020 WL 5239884 (E.D. Cal. June 26, 2020) ............................................ 5

*Hughes v. S.A.W. Ent., LTD*,
   No. 16-cv-3371, 2017 WL 6450485 (N.D. Cal. Dec. 18, 2017) ............................................ 8

*Knapp v. Reid*,
   No. 15-cv-1769, 2016 WL 561734 (W.D. Wash. Feb. 12, 2016) ............................. 5, 7, 9, 10

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

iv

AMAZON DEFENDANTS'
MOTION TO STAY PENDING *SAXON*

*Kwan v. Clearwire Corp.*, 2011 WL 1213176, at *3 (W.D. Wash. March 29, 2011) ................... 7

*Lacy v. Comcast Cable Commc'ns, LLC*,
   2020 WL 2041755 (W.D. Wash. Apr. 28, 2020) ................................................................. 7

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ............................................................................................................ 4

*Leyva v. Certified Grocers of Cal., Ltd.*,
   593 F.2d 857 (9th Cir. 1979) ............................................................................................... 4

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) ............................................................................................. 4

*McElrath v. Uber Techs., Inc.*,
   No. 16-cv-7241, 2017 WL 1175591 (N.D. Cal. Mar. 30, 2017) .......................................... 5

*McNamara for AMG Cap. Mgmt. LLC v. Stealth Power, LLC*,
   No. 18-cv-1813, 2020 WL 8771382 (D. Nev. Sept. 3, 2020) .............................................. 5

*Phan v. Transamerica Premier Life Ins. Co.*,
   No. 20-cv-03665, 2020 WL 5576358 (N.D. Cal. Sept. 17, 2020) .................................... 5, 9

*Pokorny v. Quixtar Inc.*,
   No. 07-cv-201, 2008 WL 1787111 (N.D. Cal. Apr. 17, 2008) ............................................ 8

*Rittmann v. Amazon.com, Inc.*,
   971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021) ........................... *passim*

*Robinson v. Dignity Health*,
   No. 16-cv-3035, 2016 WL 7102832 (N.D. Cal. Dec. 6, 2016) ....................................... 7, 10

*Robledo v. Randstad US, L.P.*,
   No. 17-cv-1003, 2017 WL 4934205 (N.D. Cal. Nov. 1, 2017) ..................................... 4, 5, 9

*Saxon v. Southwest Airlines Co.*,
   993 F.3d 492 (7th Cir. 2021) ....................................................................................... 3, 5, 6

*Sealey v. Chase Bank (U.S.A.), N.A.*,
   No. 19-cv-7710, 2020 WL 5814108 (N.D. Cal. Sept. 29, 2020) ......................................... 4

*Skulevold v. SD&A Teleservices, Inc.*,
   No. 20-cv-2771, 2020 WL 7711834 (C.D. Cal. Nov. 18, 2020) .................................. 5, 7, 10

*Stafford v. Rite Aid Corp.*,
   No. 17-cv-1340, 2020 WL 4366014 (S.D. Cal. July 30, 2020) ........................................... 8

*Steiner v. Apple Computer, Inc.*,
   No. 07-cv-4486, 2008 WL 1925197 (N.D. Cal. Apr. 29, 2008) .......................................... 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

v

AMAZON DEFENDANTS'
MOTION TO STAY PENDING *SAXON*

*Stoican v. Cellco P'ship*,
   No. 10-cv-1017, 2010 WL 5769125 (W.D. Wash. Dec. 10, 2010) .......................... 7

*Sw. Airlines Co. v. Saxon*,
   No. 21-309, 2021 WL 5858631 (U.S. Dec. 10, 2021) ..................................... *passim*

*Waithaka v. Amazon.com, Inc.*,
   966 F.3d 10 (1st Cir. 2020), *cert. denied*, 141 S. Ct. 2794 (2021), *reh'g denied*,
   141 S. Ct. 2886 (2021) .................................................................................. *passim*

*Waithaka v. Amazon.com, Inc.*,
   No. 19-cv-1320, 2020 WL 7028945 (W.D. Wash. Nov. 30, 2020) ....................... 10

*Wolf v. Lyft, Inc.*,
   No. 15-cv-1441, 2015 WL 4455965 (N.D. Cal. July 20, 2015) ......................... 5, 10

**Statutes**

9 U.S.C. § 1 ............................................................................................................... 1, 2

Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 ........................................ 3, 5, 6

**Other Authorities**

Erin Mulaney, *Southwest's High Court Case Can Widely Impact Worker
   Arbitration*, BLOOMBERG LAW DAILY LABOR REPORT (Dec. 14, 2021, 1:54
   PM), https://news.bloomberglaw.com/daily-labor-report/southwests-high-court-
   case-can-widely-impact-worker-arbitration ............................................................ 7

Sup. Ct. R. 25.1-3 ........................................................................................................ 9

Supreme Court Calendar, October Term 2021,
   https://www.supremecourt.gov/oral_arguments/2021TermCourtCalendar.pdf ..... 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

vi

AMAZON DEFENDANTS'
MOTION TO STAY PENDING *SAXON*

## I.     INTRODUCTION

A threshold question in this case is whether Defendants (collectively, "Amazon") can enforce the sixteen Plaintiffs' promises to arbitrate their claims. As Amazon's concurrently filed motion to compel arbitration explains, all the Plaintiffs agreed to individual arbitration when they signed up to make deliveries with the Amazon Flex program and assented to the Amazon Flex Independent Contractor Terms of Service. Those arbitration agreements unquestionably encompass Plaintiffs' state and federal wage and hour claims in this action. But Plaintiffs are likely to argue that Plaintiffs' arbitration agreements, even though they apply, are not legally enforceable. Because that contention rests on a legal theory that the Supreme Court has already agreed to review over the coming months, a brief stay of this recently filed action is appropriate.

The Ninth Circuit, like the First Circuit, has held that certain arbitration agreements signed by other Amazon Flex delivery drivers were not enforceable under the Federal Arbitration Act ("FAA"). *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021); *Waithaka v. Amazon.com, Inc.*, 966 F.3d 10 (1st Cir. 2020), *cert. denied*, 141 S. Ct. 2794 (2021), *reh'g denied*, 141 S. Ct. 2886 (2021). Those agreements were exempt from the FAA, according to the First and Ninth Circuits' view of the law and the evidence before them, because those plaintiffs' work as local delivery drivers for Amazon Flex placed them within the statute's exemption for certain "class[es] of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. The First and Ninth Circuits rejected Amazon's interpretation of FAA Section 1, which confines this interstate transportation exemption to classes of workers "who physically cross state lines in the course of their work." *Waithaka*, 966 F.3d at 13; *see also Rittmann*, 971 F.3d at 915 (agreeing with the First Circuit that Section 1 "exempts transportation workers who are engaged in the movement of goods in interstate commerce, even if [the workers] do not cross state lines").

Although the Supreme Court denied Amazon's cert petitions in those cases earlier this year, just this month it granted certiorari to address the circuits' ever-increasing divergence over the scope of the FAA exemption. *See Sw. Airlines Co. v. Saxon*, No. 21-309, 2021 WL 5858631 (U.S. Dec. 10, 2021). The petitioner-defendant in that case, Southwest Airlines, asks the Supreme Court

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

AMAZON DEFENDANTS'
MOTION TO STAY PENDING *SAXON*

to adopt Amazon's interpretation of the FAA exemption, endorsed by the dissenting judge in *Rittmann* and more recently by the Eleventh Circuit in *Hamrick v. Partsfleet, LLC*, 1 F.4th 1337 (11th Cir. 2021). On this reading, Section 1's exemption is limited to classes of workers who actually move goods across state lines. *Rittmann*, 971 F.3d at 921, 926 (Bress, J., dissenting); *Hamrick*, 1 F.4th at 1350 (citing and agreeing with Judge Bress's dissent). With the granting of Southwest Airlines's cert petition in *Saxon*, the Supreme Court will conclusively resolve the correct interpretation of the transportation worker exemption in FAA Section 1.

This development warrants a stay of proceedings in this matter. While this Court can and should compel arbitration under the FAA based on a different factual record from the records in *Waithaka* and *Rittmann*, or under state law in the alternative, the Supreme Court's grant of certiorari in *Saxon* creates the distinct possibility that the Supreme Court will reject the reasoning of *Waithaka* and *Rittmann* or otherwise materially change the law that governs interpretation of the FAA Section 1 exemption. Courts regularly grant stays pending the conclusion of Supreme Court cases that might affect litigation before them, and it is particularly appropriate to do so here. The outcome of *Saxon* could materially affect proceedings in this case—including Amazon's concurrently filed motion to compel arbitration—by, for example, holding that locally-based workers like Plaintiffs are not exempt from the FAA. What is more, a modest stay pending the Supreme Court's ruling (which should come no later than June 2022) would work little harm, if any, to Plaintiffs, whose lawsuit is still in its infancy. But a stay would spare Amazon from the potentially significant and unrecoverable harm of having to litigate a dispute that should proceed in arbitration and would spare this Court from having to resolve Amazon's arbitration motion without the benefit of the Supreme Court's authoritative guidance. For all these reasons, the Court should stay all proceedings in this action pending the Supreme Court's anticipated ruling in *Saxon*.

## II.   BACKGROUND

Plaintiffs filed this action on October 7, 2021, alleging that Amazon misclassified Amazon Flex delivery partners as independent contractors rather than employees, in purported violation of federal and California wage-and-hour law. Dkt. #1 ("Compl."). Because all sixteen Plaintiffs

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

AMAZON DEFENDANTS'
MOTION TO STAY PENDING *SAXON*

agreed to arbitrate their disputes with Amazon on an individual basis, Amazon is moving to compel all Plaintiffs to arbitration.

Last year, the First and Ninth Circuits held that the Amazon Flex delivery partners in those cases could not be compelled to arbitrate under the FAA based on the evidence before those courts. In *Waithaka*, for instance, the First Circuit rejected Amazon's contention that the FAA exemption for classes of workers engaged in interstate commerce applies only to classes of workers "who physically cross state lines in the course of their work." *Waithaka*, 966 F.3d at 13. The court's analysis drew heavily from early-twentieth century cases applying the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60, a remedial statute created to afford relief to injured railroad workers. *Waithaka*, 966 F.3d at 19-22. A month later, the Ninth Circuit agreed with the First Circuit's reasoning, including its reliance on FELA precedent. *Rittmann*, 971 F.3d at 910-13, 917-18. Judge Bress dissented, concluding that, "for a delivery worker to be 'engaged in' interstate commerce under the FAA, he must belong to a 'class of workers' that crosses state lines in the course of making deliveries." *Id.* at 921 (Bress, J., dissenting). He also disagreed with the First and Ninth Circuit's view that FELA cases provide an appropriate guide for the FAA's exemption. *Id.* at 931-33. On February 22 and June 21, 2021, the Supreme Court denied certiorari in *Rittmann* and *Waithaka*, respectively, and denied a petition for rehearing in *Waithaka* on August 2.

Meanwhile, on March 31, 2021, the Seventh Circuit decided *Saxon v. Southwest Airlines Co.*, 993 F.3d 492 (7th Cir. 2021). The plaintiff there worked as a ramp supervisor who loaded and unloaded airplane cargo. *Id.* at 494. The court held that this plaintiff's arbitration agreement was exempt from the FAA. *Id.* It agreed with the airline that the exemption applies only to classes of workers engaged in "actual transportation," but denied that actual transportation is "limited to the precise moment either goods or the people accompanying them cross state lines." *Id.* at 498. Actual transportation also encompasses, in the Seventh Circuit's view, the activities of loading and unloading interstate vehicles. *Id.* The Seventh Circuit expressly agreed with the First and Ninth Circuits that it was proper to rely on FELA precedent in applying the FAA's exemption despite FELA's broad remedial purposes. *Id.* at 501. Indeed, the Seventh Circuit's analysis followed

*Rittmann* and *Waithaka* in several respects, citing the First and Ninth Circuit decisions a combined total of nine times.

Next, on June 22, 2021, the Eleventh Circuit weighed in on these issues in *Hamrick*. Like *Rittmann* and *Waithaka*, *Hamrick* addressed local delivery drivers. 1 F.4th at 1340 (characterizing the workers as "final-mile delivery drivers"). But in a sharp departure from the First and Ninth Circuits, the Eleventh Circuit sided with Judge Bress's dissenting view, and held that a class of workers, to fit within the FAA's exemption, must "actually engage[] in the transportation of persons or property between points in one state (or country) and points in another state (or country)." *Id.* at 1350 (citing *Rittmann*, 971 F.3d at 926 (Bress, J., dissenting)). The Eleventh Circuit also refused to expand the FAA's exemption using cases construing different statutes that pursue remedial purposes. *Id.* at 1349.

On December 10, 2021, the Supreme Court granted Southwest Airlines's petition for a writ of certiorari to review the Seventh Circuit's decision in *Saxon*. *Sw. Airlines Co. v. Saxon*, No. 21-309, 2021 WL 5858631, at *1 (U.S. Dec. 10, 2021).

### III. ARGUMENT

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may . . . find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

Courts in this District and throughout the Ninth Circuit often stay trial court litigation when the Supreme Court has granted certiorari to decide a relevant issue. *See, e.g.*, *Sealey v. Chase Bank (U.S.A.), N.A.*, No. 19-cv-7710, 2020 WL 5814108, at *2 (N.D. Cal. Sept. 29, 2020); *Robledo v.*

*Randstad US, L.P.*, No. 17-cv-1003, 2017 WL 4934205, at *4 (N.D. Cal. Nov. 1, 2017); *McElrath v. Uber Techs., Inc.*, No. 16-cv-7241, 2017 WL 1175591, at *6 (N.D. Cal. Mar. 30, 2017); *Wolf v. Lyft, Inc.*, No. 15-cv-1441, 2015 WL 4455965, at *2 (N.D. Cal. July 20, 2015); *In re Apple iPhone 3G Prod. Liab. Litig.*, No. 09-cv-2045, 2010 WL 9517400, at *2 (N.D. Cal. Dec. 9, 2010).[1]

Where, as here, a party seeks to stay trial court proceedings pending a ruling in another case, courts consider three factors: "(1) the possible damage which may result from granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *McElrath*, 2017 WL 1175591, at *5 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)); *accord Phan v. Transamerica Premier Life Ins. Co.*, No. 20-cv-03665, 2020 WL 5576358, at *2 (N.D. Cal. Sept. 17, 2020); *Robledo*, 2017 WL 4934205, at *2; *Bascom Rsch. LLC v. Facebook, Inc.*, No. 12-cv-6293, 2014 WL 12795380, at *1 (N.D. Cal. Jan. 13, 2014). These factors, which this Motion addresses in reverse order, strongly favor a stay of this action pending resolution of *Saxon*.

### A. The Supreme Court's Ruling May Dictate the Outcome of Amazon's Motion to Compel Arbitration.

To start, the Supreme Court is likely to decide whether the First, Seventh, and Ninth Circuits were correct to rule that the FAA's exemption encompasses classes of workers who do not cross state lines. In *Saxon*, the Seventh Circuit ruled that the exemption "is not limited to the precise moment either goods or the people accompanying them cross state lines" but extends to intrastate activities that are closely related to interstate transportation. 993 F.3d at 498. Like the First and Ninth Circuits, it based that conclusion on the notion that FELA cases provide instructive guidance

---

[1] *See also, e.g.*, *Skulevold v. SD&A Teleservices, Inc.*, No. 20-cv-2771, 2020 WL 7711834, at *7 (C.D. Cal. Nov. 18, 2020); *Frantz v. Force Factor, LLC*, No. 20-cv-1012, 2020 WL 8666386, at *5 (S.D. Cal. Nov. 16, 2020); *McNamara for AMG Cap. Mgmt. LLC v. Stealth Power, LLC*, No. 18-cv-1813, 2020 WL 8771382, at *1 (D. Nev. Sept. 3, 2020); *Hoffman v. Jelly Belly Candy Co., Inc.*, No. 19-cv-1935, 2020 WL 5239884, at *2 (E.D. Cal. June 26, 2020); *Knapp v. Reid*, No. 15-cv-1769, 2016 WL 561734, at *2 (W.D. Wash. Feb. 12, 2016); *Centeno v. Inslee*, 310 F.R.D. 483, 491 (W.D. Wash. 2015).

on the scope of the FAA exemption. *Id.* at 500-02. In fact, the *Saxon* court positively cited *Waithaka* and *Rittmann* to support its reliance on the FELA case law. *Id.* at 501.

Southwest Airlines is now asking the Supreme Court to reject these views. Although its cert petition understandably focuses on why the Supreme Court should grant review rather than how the Supreme Court should rule on the merits, the petition does argue that the Seventh Circuit's decision errs in not limiting the exemption "to those workers who have an active role in moving goods across state lines." Petition for a Writ of Certiorari at 22, *Saxon*, 2021 WL 3912933 (U.S. Aug. 27, 2021) (No. 21-309) (capitalization omitted); *see also id.* at 17 (explaining how *Waithaka* and *Rittmann* also extended the exemption to workers who "play no part in transporting . . . goods across state lines"). Southwest Airlines echoes that criticism in its cert-stage reply brief. *See* Reply Brief for the Petitioners at 11, *Saxon*, 2021 WL 5405579 (U.S. Nov. 15, 2021) (No. 21-309). Unsurprisingly, Southwest Airlines is explicitly aligning itself with Judge Bress and the Eleventh Circuit in *Hamrick*. *Id.* at 1-4, 7-8, 10. In addition to agreeing with their ultimate conclusion that actively engaging in interstate transportation is necessary because of the FAA's language and purposes, Southwest Airlines also agrees with Judge Bress and the Eleventh Circuit that statutes pursuing remedial purposes, like FELA, are unsound guides for the FAA. *Id.* at 10-11.

If the Supreme Court sides with Southwest Airlines, Judge Bress, and the Eleventh Circuit—all of which endorse the interpretation of the FAA that Amazon has consistently advanced—the First and Ninth Circuits' reasons for rejecting Amazon's attempts to compel arbitration in *Waithaka* and *Rittmann* will no longer be viable.

Plaintiffs may contend that factual differences between airplane loaders and local delivery drivers make it unlikely that the Supreme Court will upset the First and Ninth Circuit's holdings in this case and *Rittmann*. But because Southwest Airlines has embraced Amazon's interpretation of the exemption—as reflected in Judge Bress's dissent and the Eleventh Circuit's holding in *Hamrick*—any such speculation would be baseless. What's more, arbitration scholars have already noted that the Supreme Court's decision in *Saxon* "has the potential to go far beyond the airline industry," "will certainly impact other cases," and "has potential to make broad impact," including

with "last-mile delivery drivers." Erin Mulaney, *Southwest's High Court Case Can Widely Impact Worker Arbitration*, BLOOMBERG LAW DAILY LABOR REPORT (Dec. 14, 2021, 1:54 PM), https://news.bloomberglaw.com/daily-labor-report/southwests-high-court-case-can-widely-impact-worker-arbitration (reporting statements by law professors Imre Szalai and Sarah Rudolph Cole). For example, if the Supreme Court concludes that interstate transportation comes to an end when goods are moved off the interstate vehicle, *see, e.g.*, *Eastus v. ISS Facility Servs., Inc.*, 960 F.3d 207, 212 (5th Cir. 2020), it necessarily follows that any later intrastate movement of the goods by local drivers (or others) is even *further* removed from the interstate transportation.

Of course, the Court "need not speculate on" what the Supreme Court will hold, nor should it. *Stoican v. Cellco P'ship*, No. 10-cv-1017, 2010 WL 5769125, at *2 (W.D. Wash. Dec. 10, 2010) (granting a stay despite plaintiff's argument that the Supreme Court was unlikely to reverse the Ninth Circuit's precedent, while noting "that the Supreme Court's practice when granting certiorari and oral argument is typically not to affirm the lower court"); *see also Lacy v. Comcast Cable Commc'ns, LLC*, 2020 WL 2041755, at *2 (W.D. Wash. Apr. 28, 2020) ("[I]t would be unwise to predict the Supreme Court's course of action with any certainty."). Rather, it is enough that the grant of certiorari raises "a significant possibility that the arbitrability of [Plaintiff's] claims will turn on the Supreme Court's opinion." *Stoican*, 2010 WL 5769125, at *2; *Kwan v. Clearwire Corp.*, 2011 WL 1213176, at *3 (W.D. Wash. March 29, 2011); *see also, e.g.*, *Skulevold*, 2020 WL 7711834, at *5 (granting stay even though there was "no guarantee the Supreme Court [would] resolve the issue at hand"); *Robinson v. Dignity Health*, No. 16-cv-3035, 2016 WL 7102832, at *2 (N.D. Cal. Dec. 6, 2016) (granting stay even though it was possible that "the Supreme Court could decide the two questions it has certified for review more narrowly" in a way that would not affect the outcome of the case being stayed).

It is no exaggeration to say that "a decision in the [*Saxon*] case may very well negate this lawsuit." *Knapp*, 2016 WL 561734, at *2. The decision could also save the Court's "time and effort" in resolving Amazon's motion to compel arbitration. *Id.* For all these reasons, the Court should stay proceedings pending the Supreme Court's decision.

### B. Denying a Stay Would Impose Unnecessary Harm.

Relatedly, denying a stay would likely impose significant and irreparable harm. For one thing, were the Court to deny Amazon's pending motion to compel arbitration based on *Rittmann* and the Supreme Court to hold that *Rittmann* was incorrect, Amazon could face the burden of litigating a case that should proceed in arbitration instead. Courts in this Circuit have repeatedly cited this type of concern in granting stays pending Supreme Court rulings on the enforceability of arbitration agreements. *See, e.g., Davis v. Red Eye Jack's Sports Bar, Inc.*, No. 17-cv-1111, 2018 WL 2128437, at *5 (S.D. Cal. May 9, 2018) ("If the Supreme Court reverses the Ninth Circuit's decision in *Morris*, [Defendants'] fees and costs would largely constitute waste. So too would the scarce judicial resources that continued litigation would consume."), *vacated in part on unrelated grounds*, 2018 WL 2734037 (S.D. Cal. June 7, 2018); *Hughes v. S.A.W. Ent., LTD*, No. 16-cv-3371, 2017 WL 6450485, at *3 (N.D. Cal. Dec. 18, 2017) ("[D]enying a stay would irreparably harm the defendants. This harm lies primarily in the resources that the defendants would have to expend pursuing this litigation—expenditures that, if the higher court ultimately reverses and allows this case to go to arbitration, would be largely squandered." (brackets omitted)); *Cook v. Rent-A-Ctr., Inc.*, No. 17-cv-48, 2017 WL 4270203, at *4 (E.D. Cal. Sept. 26, 2017) ("[F]orcing RAC to litigate this matter while the class waiver issue is pending before the Supreme Court, would effectively deprive RAC of its right under the Federal Arbitration Act to enforce its Arbitration Agreement as written.").

That approach is consistent with Ninth Circuit district courts' frequent willingness to stay proceedings pending appeal of a denial of a motion to compel arbitration. *See, e.g., Stafford v. Rite Aid Corp.*, No. 17-cv-1340, 2020 WL 4366014, at *4 (S.D. Cal. July 30, 2020) ("As the Ninth Circuit has stated, if the 'party must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration—speed and economy—are lost forever.'" (citation omitted)); *Steiner v. Apple Computer, Inc.*, No. 07-cv-4486, 2008 WL 1925197, at *5 (N.D. Cal. Apr. 29, 2008) (noting that the irreparable harm factor "will generally be satisfied in the special context of [a] denied motion to compel arbitration" because of the costs of litigation); *Pokorny v. Quixtar Inc.*,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

AMAZON DEFENDANTS'
MOTION TO STAY PENDING *SAXON*

No. 07-cv-201, 2008 WL 1787111, at *2 (N.D. Cal. Apr. 17, 2008) ("Absent a stay, Defendants could spend substantial time and resources on the litigation, only to have the appellate court reverse the Order and compel arbitration after the fact. In that situation, the primary benefits of ADR-speed and economy-would have been lost."); *Eberle v. Smith*, No. 07-cv-120, 2008 WL 238450, at *3 (S.D. Cal. Jan. 29, 2008) ("If this litigation proceeds, Defendants will be forced to incur costs that would defeat the important, cost-limiting purpose of arbitration agreements."). As the Supreme Court has repeatedly stressed, arbitration offers several benefits over litigation, including "lower costs" and "greater efficiency." *E.g.*, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 348 (2011). Such benefits are irretrievably lost if a party whose arbitration motion has been incorrectly denied must incur the expense of civil litigation.

Here, moreover, denying a stay could require the parties and the court to engage in duplicative motions practice: "if the Court considers the motion to compel arbitration now without entering a stay, there is a serious risk that the Court will have to 'consider this issue twice,' once [*Saxon*] is handed down." *Robledo*, 2017 WL 4934205, at *4; *see also In re Apple*, 2010 WL 9517400, at *2 ("If this case were to proceed, the Court would be required to expend judicial resources ruling on issues which may be rendered moot after a decision in *Conception*."). In other words, "[b]oth parties benefit from clarity" on these issues, and the Court could benefit as well. *Phan*, 2020 WL 5576358, at *3; *see also Knapp*, 2016 WL 561734, at *2 (underscoring "the Court's time and effort taken to resolve these matters"). The Supreme Court is likely to provide such clarity in *Saxon*.

These potential harms from denying a stay strongly favor granting one, particularly given the lack of any realistic chance, as discussed next, that the requested stay would harm Plaintiffs.

### C. A Stay Will Not Harm Plaintiffs.

There is no real risk that a stay will cause harm to Plaintiffs. Under the Supreme Court's rules, Southwest Airlines's opening brief is due January 24, 2022, Saxon's responsive brief is due February 23, and briefing will close with the filing of Southwest Airlines's reply brief by March 25. *See* Sup. Ct. R. 25.1-3. That schedule leaves more than enough time for oral argument during

the Court's April sitting, if not before, with a decision by the end of the Court's current term in June. *See* Supreme Court Calendar, October Term 2021, https://www.supremecourt.gov/oral_arguments/2021TermCourtCalendar.pdf. Because the Supreme Court is almost certain to decide *Saxon* this term, the requested stay would be comparatively short. Indeed, courts granting similar stays have emphasized this feature of the Supreme Court's schedule even when the end of term was significantly further away. *See, e.g.*, *Skulevold*, 2020 WL 7711834, at *5 ("Because the Supreme Court will resolve *Duguid* in its next term, the stay will have a finite duration and thus the potential damage of the stay is minimized."); *Centeno*, 310 F.R.D. at 491 ("[T]he stay will last no longer than the year or so it will take the Supreme Court to decide *Friedrichs*[.]"); *Wolf*, 2015 WL 4455965, at *2 ("[T]he Supreme Court will resolve *Campbell-Ewald* in its next term, and the stay will have a finite duration.").

For this reason, any modest delay from this stay would not work substantial harm to Plaintiffs. "This case is in its infancy. Indeed, no Answer has yet been filed, no trial date is set, and discovery has not yet begun." *Knapp*, 2016 WL 561734, at *2; *see also Aleisa v. Square, Inc.*, 493 F. Supp. 3d 806, 816 (N.D. Cal. 2020) (observing that "the early stage of this litigation weighs in favor of a stay" in case that was "still in the pleadings stage" (citation omitted)). Moreover, to the extent Plaintiffs are concerned with resolving their claims expeditiously, that concern is undercut by their ability, at any time, to "avoid further delay by proceeding to arbitration." *Waithaka v. Amazon.com, Inc.*, No. 19-cv-1320, 2020 WL 7028945, at *7 (W.D. Wash. Nov. 30, 2020) (granting stay of proceedings pending disposition of Amazon's petition for certiorari in *Rittmann*).

Finally, even if "the equities as between the parties [were] essentially in equipoise" rather than strongly weighing in Amazon's favor, a stay would still be warranted to promote "the orderly and efficient administration of justice." *Robinson*, 2016 WL 7102832, at *3.

### IV. CONCLUSION

For all these reasons, Amazon respectfully requests that the Court stay this action pending a final decision by the Supreme Court in *Southwest Airlines Co. v. Saxon*, No. 21-309.

/ / /

Dated: December 23, 2021

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Brian D. Fahy*
Max Fischer
Brian D. Berry
Brian D. Fahy
Miranda M. Rowley

Attorneys for Defendants
AMAZON.COM INC and
AMAZON LOGISTICS, INC.